IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GARY EATCHEL,<br><br>Plaintiff,<br><br>v.<br><br>JASON BERG, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND MOTION FOR A COPY OF LOCAL RULES**<br><br>Case No. 2:25-CV-566-HCN<br><br>Howard C. Nielson, Jr.<br>United States District Court |

In this *pro se* prisoner civil-rights action, the Plaintiff moves for appointment of counsel and to be sent a copy of the Local Rules of Practice. *See* Dkt. Nos. 3, 10. The court denies the motions.

"As a civil litigant, plaintiff has no Sixth Amendment right to counsel." *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006). And the court lacks authority to appoint counsel; at best, federal statute authorizes it to ask counsel to agree to represent an indigent plaintiff free of charge.[1] *See* 28 U.S.C. § 1915(e)(1) ("The Court may request an attorney to represent any

---

[1] The Tenth Circuit has noted:

> Each year, the district court receives hundreds of requests for legal representation and only a small number of attorneys are available to accept these requests. Accordingly, the district court must use discretion in deciding which cases warrant a request for counsel. To do otherwise would deprive clearly deserving litigants of an opportunity to obtain legal representation. The dilemma is unfortunate for litigants [denied counsel]. But the dilemma [i]s not the district court's fault; that dilemma [i]s the product of the court's lack of authority to compel legal representation or to reimburse attorneys for their time.

*Rachel v. Troutt*, 820 F.3d 390, 397 n.7 (10th Cir. 2016); *see also Mallard v. United States Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (stating courts may not "require an unwilling

person unable to afford counsel."); *McCleland v. Raemisch*, No. 20-1390, 2021 U.S. App. LEXIS 29490, at *15 n.3 (10th Cir. Sept. 30, 2021) (unpublished) (explaining that when prisoner-plaintiffs "refer to appointing counsel," they "really refer to a request that an attorney take the case *pro bono*"). The Plaintiff has the burden of convincing the court that his claims have enough merit to warrant such a request of counsel, a burden that he has not addressed. *See McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985). Further, "[i]t is not enough" for a plaintiff to argue that he needs help "in presenting his strongest possible case, as the same could be said in any case." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (cleaned up).

Instead, in deciding whether to ask volunteer counsel to represent a plaintiff at no cost, the court considers a variety of factors, including "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (cleaned up); *accord McCarthy*, 753 F.2d at 838–39. Although the Plaintiff has not argued the applicability of these factors, the court considers them in concluding at this time that the Plaintiff's claims may not be colorable, the issues in this case are not complex, and the Plaintiff does not appear to be too incapacitated or unable to adequately function in pursuing this matter. Thus, the Court denies for now the Plaintiff's motion for appointed counsel.

---

attorney to represent an indigent litigant in a civil case"); *Greene v. U.S. Postal Serv.*, 795 F. App'x 581, 583 (10th Cir. 2019) (unpublished) ("In most legal communities, only a limited number of attorneys are willing to take these cases. Thus, the district court [must] decide how to maximize the benefit from these local resources."); *Gross v. GM LLC*, 441 F. App'x 562, 567 (10th Cir. 2011) (unpublished) (observing that courts rarely request counsel to represent parties in civil actions); *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (cautioning that courts that indiscriminately appoint "volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time").

*        *        *

For the foregoing reasons,

**(1)** Docket Number 3, the Plaintiff's motion for appointed counsel, is **DENIED**. If, however, after the case develops further, it appears that counsel may be needed or of specific help, the court may later conclude that it is appropriate to ask an attorney to appear *pro bono* on the Plaintiff's behalf. Going forward, the court will continually reevaluate the need for counsel, and thus no further motions for appointed counsel are needed.

**(2)** Docket Number 10, the Plaintiff's motion for a copy of this court's local rules, is **DENIED**. The Plaintiff has not included the fifteen-dollar fee required for that copy.

**IT IS SO ORDERED.**

DATED this 2nd day of March, 2026.

BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge